**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TONY DEJUAN JACKSON,

Plaintiff,

v.

STATE OF MINNESOTA, in it's Official Capacity et al., LORI SWANSON, Attorney General for the State of Minnesota, COMMITTEES OF THE SENATE WITH JURISDICTION OVER CRIMINAL JUSTICE POLICY, COMMITTEES OF THE HOUSE OF REPRESENTATIVES WITH JURISDICTION OVER CRIMINAL JUSTICE POLICY, MINNESOTA SENTENCING GUIDELINES COMMISSION, LORI SKJERVEN GILDEA, Chief Judge of the Minnesota State Supreme Court, MATTHEW E. JOHNSON, Chief Judge of the Minnesota State Appellate Court, TIMOTHY J. McMANUS, Dakota County District Court Judge for the State of Minnesota, and JAMES BACKSTROM, Dakota County Prosecutor for the State of Minnesota,

Defendants.

Civil No. 11-3740 (DSD/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner of the State of Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. It will therefore be recommended that this action

be summarily dismissed pursuant to § 1915A(b).[1]

## I. BACKGROUND

Plaintiff is attempting to sue the State of Minnesota, various state legislative committees, the State Sentencing Guidelines Commission, several state judges, and a prosecutor. All of Plaintiff's current claims against all of the named Defendants stem from his 1999 conviction and sentence in a Minnesota state criminal case that was prosecuted in Dakota County, Minnesota.[2] Plaintiff claims that Defendants caused him

---

[1] Plaintiff did not tender the required filing fee when he commenced this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It is readily apparent, however, that regardless of Plaintiff's financial eligibility for IFP status, his IFP application will have to be denied, because his complaint is fatally defective.

[2] The Minnesota Court of Appeals has provided the following synopsis of Plaintiff's Dakota County criminal offense:

> "At about 1:45 a.m. on May 17, 1997, R.F. woke up and heard someone in her apartment knocking on doors, including her bedroom door. R.F.'s bedroom door was locked, and she did not answer the knock on it. Thinking it was her roommate, R.F. was not concerned and fell back to sleep. When she got up at 7:00 a.m., she saw a man lying on the couch, whom she assumed was a friend of her roommate's.
>
> When R.F. came out of the bathroom, a man wearing a dark facemask pointed a gun at her, grabbed her, swore at her, repeatedly told her to shut up, and dragged her into her bedroom. R.F. described the man as a tall, black male with a medium build. The man pushed her down on the bed, handcuffed her, and put a towel in her mouth and duct tape all over her face, including her eyes. The man sexually penetrated her vaginally and twice anally. R.F. described the anal penetration as extremely painful. When the man finished assaulting R.F., he wiped her off with a towel and left the apartment, leaving R.F. blindfolded and handcuffed. The police officer who responded to R.F.'s call to 911 found R.F. half-kneeling and half-lying on the floor, handcuffed, with gray duct tape wrapped all around her head and also found a bloodstained towel in R.F.'s bedroom. When R.F. later heard Jackson's voice at a court hearing, she recognized it as belonging to the man who sexually assaulted her. **[continued****]**

to be deprived of a fair criminal trial, and caused him to receive an improper prison sentence. He is seeking a judgment that would, inter alia, afford him a new fair trial, and reduce the length of his sentence. (Complaint, [Docket No. 1], p. 13, "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government entities and government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff fails to state a cause of action on

---

> R.F.'s former roommate, N., testified that, twice in 1997 before moving out of the apartment she shared with R.F., she had lunch with Jackson and that he had been to her apartment.
>
> On May 19, 1997, two St. Paul police officers stopped Jackson's car. The officers asked Jackson, who was nervous and fidgeting, to get out of the car. When he did, the officers saw a steak knife in the area where Jackson had been fidgeting. Jackson said he had nothing illegal in his car and told the officers to go ahead and search it. In the car, officers found a box of 9-mm bullets, a blue fanny pack labeled "The St. Paul" containing a loaded 9-mm handgun and a set of handcuff keys, a blue handkerchief, a roll of gray duct tape, a long rope, a cell phone, and several towels. It was later determined that the end of the roll of gray duct tape exactly matched the end of the duct tape wrapped around R.F.'s face and that the handcuff keys unlocked the handcuffs used on R.F. On Jackson's person, the officers found three four-foot pieces of rope and a blue nylon skullcap with eyeholes cut out."

State v. Jackson, No. C3-99-989 (Minn.App. 2000), 2000 WL 760526 at *1 (unpublished opinion).

which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff's current pleading is clearly barred by the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that a person convicted of a state crime cannot challenge the legality of his conviction or sentence in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a person who believes that his conviction or sentence should be set aside. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490.

Here, it is readily apparent that Plaintiff is challenging the validity of his state criminal conviction, and the sentence he is presently serving. He is expressly asking for "reinstatement of [his] Constitutional Rights to a fair trial by jury and fair adjudicatory process," as well as a reduction of his sentence. According to Preiser and Heck, however, the validity of a state criminal conviction and sentence cannot properly be considered in a federal civil rights action such as this one. Habeas corpus is the only federal remedy available for a state prisoner seeking to overturn his conviction or sentence.[3]

Even if Plaintiff were seeking only money damages, this action still would have to

[3] Under different circumstances Plaintiff's complaint could, perhaps, be construed to be a habeas corpus petition, and entertained as such. However, Plaintiff has already filed a federal habeas corpus petition challenging the 1999 Dakota County criminal case that he is attempting to challenge here, and that prior petition was considered and denied on the merits. See Jackson v. Dingle, Civil No. 04-19 (DSD/SRN). Therefore, Plaintiff cannot seek further federal habeas review of his 1999 Dakota County case, without first obtaining a pre-authorization order from the Eighth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3).

be dismissed, because he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). Any judgment in Plaintiff's favor on the claims presented in his current complaint would necessarily cast doubt on the validity of his state criminal conviction and the sentence he is now serving. Therefore, Plaintiff's present civil rights action is barred by Heck.

## III. CONCLUSION

Because Plaintiff's current claims are clearly barred by Preiser and Heck, he has failed to state a cause of action on which relief can be granted.[4] The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's IFP application, (see n. 1, supra), be denied, because he has failed to state any actionable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will, however, remain liable for the unpaid balance of the $350

[4] The Court further notes that even if Plaintiff could somehow avoid Preiser and Heck, most of his claims, (and perhaps all of them), would have to be dismissed on various immunity grounds. The State of Minnesota and its agencies are generally immune from suit in federal court under the Eleventh Amendment. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam) ("the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies"). All of the various Defendants who are judges or prosecutors are also immune from Plaintiff's claims, under the doctrines of judicial immunity and prosecutorial immunity. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges are immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions); Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (state prosecutors are immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties).

filing fee required by 28 U.S.C. § 1914(a).[5] To date, he has not paid any fee at all, so he still owes the full $350 filing fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Plaintiff filed two other lawsuits contemporaneously with this case, and he has filed a motion asking that his three new cases be "consolidated." (Docket No. 3.) Because this action must be summarily dismissed, it would serve no useful purpose to consolidate it with any other case. Therefore, Plaintiff's motion to consolidate will be denied.

Finally, because Plaintiff has failed to state a cause of action on which relief can be granted the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

**DENIED**;

2. Plaintiff’s motion to consolidate, (Docket No. 3), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff be required to pay the unpaid balance of the court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated: January 18, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 3, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.