UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3740(DSD/JJK)

Tony Dejuan Jackson,

      Plaintiff,

v.     **ORDER**

State of Minnesota, in its
Official Capacity et al.,
Lori Swanson, Attorney General
for the State of Minnesota,
Committees of the Senate with
Jurisdiction over Criminal
Justice Policy, Committees of the
House of Representatives with
Jurisdiction over Criminal
Justice Policy, Minnesota
Sentencing Guidelines Commission,
Lori Skjerven Gildea, Chief
Judge of the Minnesota State
Supreme Court, Matthew E. Johnson,
Chief Judge of the Minnesota State
Appellate Court, Timothy J. McManus,
Dakota County District Court Judge
for the State of Minnesota, and
James Backstrom, Dakota County
Prosecutor for the State of Minnesota,

      Defendants.


This matter is before the court upon the January 18, 2012, report and recommendation of Magistrate Judge Jeffrey J. Keyes. In his report, the magistrate judge recommends summary dismissal of this action because the complaint fails to state a claim under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C. § 1915A. Specifically, the magistrate judge determined that plaintiff's claim is barred by

Heck v. Humphrey, 512 U.S. 477 (1994).[1]  Jackson did not file an objection to the Magistrate Judge's report and recommendation.[2]

Based upon the report and recommendation of the magistrate judge and review of the file, record and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's report and recommendation [ECF No. 5] is adopted in its entirety;

2. Plaintiff's application to proceed in forma pauperis [ECF No. 2] is denied as moot;

3. Plaintiff's motion to consolidate [ECF No. 3] is denied as moot; and

4. Plaintiff's motion to appoint counsel [ECF No. 6] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 21, 2012

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[1] The Magistrate Judge also notes that Jackson has previously filed a habeas corpus petition in this matter. The petition was considered and denied. See Jackson v. Dingle, No. 04-19, ECF No. 39. Plaintiff cannot seek further habeas review without first obtaining a pre-authorization order from the Eighth Circuit. See 28 U.S.C. § 2244(b)(3).

[2] Jackson is currently pursuing three § 1983 lawsuits. Although he timely filed objections in the two other cases, he did not do so in this matter. Nonetheless, the court notes that had Jackson filed an objection, it would have been barred by Heck.