UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-3740(DSD/JJK)

Tony Dejuan Jackson,

       Plaintiff,

v.                                        **ORDER**

State of Minnesota, in its
Official Capacity et al.,
Lori Swanson, Attorney General
for the State of Minnesota,
Committees of the Senate with
Jurisdiction over Criminal
Justice Policy, Committees of the
House of Representatives with
Jurisdiction over Criminal
Justice Policy, Minnesota
Sentencing Guidelines Commission,
Lori Skjerven Gildea, Chief
Judge of the Minnesota State
Supreme Court, Matthew E. Johnson,
Chief Judge of the Minnesota State
Appellate Court, Timothy J. McManus,
Dakota County District Court Judge
for the State of Minnesota, and
James Backstrom, Dakota County
Prosecutor for the State of Minnesota,

       Defendants.

    This matter is before the court upon the application of petitioner Tony Dejuan Jackson to proceed in forma pauperis (IFP) before the Eighth Circuit. Jackson is a state prisoner in Minnesota.

    A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the

full filing fee. 28 U.S.C. § 1915(a)(1). Even if the court finds a litigant to be indigent, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis in either law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

Based upon the present IFP application, the court is satisfied that Jackson is financially eligible for IFP status. The court assesses "an initial partial filing fee of twenty percent of the greater of ... the average monthly deposits to the prisoner's account[] or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the ... notice of appeal." Id. § 1915(b)(1). Jackson's trust account certificate shows that the average monthly deposits for the preceding six months was $230.62, and his average monthly balance for the preceding six months was $27.21. See ECF No. 14, at 6.

Therefore, the court calculates that Jackson's initial, partial filing fee would be $46.12 plus continuing monthly payments in accordance with 28 U.S.C. § 1915(b).

The court finds, however, that an appeal in this action would not be taken in good faith. The court has carefully reviewed the record in this case. Based on its review of the record and file, the court concludes that petitioner's contentions lack an arguable basis in fact or law and that an appeal of this action would not be taken in good faith. As the court explained in its February 27, 2012, order,[1] petitioner's 42 U.S.C. § 1983 claim attacking the legality of his state-court conviction is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In other words, Jackson cannot use a § 1983 claim to challenge the basis underlying his state-court conviction. Indeed, "habeas corpus is the exclusive [federal] remedy for a state prisoner who challenges the fact or duration of his confinement." Id. at 481. Jackson has already filed a federal habeas corpus petition challenging his 1999 Dakota County conviction, and that prior petition was considered and denied on the merits. See Jackson v. Dingle, No. 04-19 (D. Minn. May 25, 2005), ECF No. 39. Without first obtaining a pre-authorization order from the Eighth Circuit, Jackson cannot seek further habeas review. Therefore, Jackson's claims lack an arguable basis in fact

---

[1] This decision vacated the court's February 21, 2012, order. See ECF No. 8.

or law, and an appeal of this action would not be taken in good faith.

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that the application to proceed in forma pauperis [ECF No. 14] is denied.

Dated:  March 13, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court